# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA  : | |
| : | |
| v.   : | No. 1:18-cr-020-ERIE |
| : | |
| JEFFREY SCOTT BEIMEL  : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

AND NOW, comes the Defendant, Jeffrey Scott Beimel, by and through his attorney, Stephen M. Misko, Esquire, and respectfully files this Sentencing Memorandum:

On September 10, 2018, Jeffrey Beimel pled guilty to a one count Information charging him with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2). A Plea Agreement, presented to the Court this date, reflects this plea, as well as an agreement to sentencing, via Rule 11(c)(1)(C) of the Rules of Federal Criminal Procedure, to wit, three (3) years of incarceration followed by five (5) years of supervised release, and a Special Assessment of $100.00. The parties further agreed that no enhancements, departures or variances are applicable in this case. If the Court rejects the plea agreement, pursuant to Rule 11(c)(5), Mr. Beimel will have the opportunity to withdraw his guilty plea.

1

The Defendant humbly requests and prays that this Honorable Court accept the plea agreement and sentences in accordance with same.  This request is founded **18 U.S.C. § 3553(a)--<u>Factors to be considered in imposing a sentence</u>**.

The first factor, ***the nature and circumstances of the offense nature and the history and characteristics of the defendant***, reflects an on-line relationship between Beimel and a California resident, identified as "K.E." from November 2013 to December 2015.  K.E. stated she used Skype to communicate with individuals she met on the internet and, in Beimels' case, engaged in a role playing relationship, wherein she would play the part of a minor female and he would play the part of an adult male, in exchange for receipt of child pornography images.  Beimel did admit to agents of the Federal Bureau of Investigation that he sent at least 10 images to K.E. during the above referenced time-frame.

Jeffrey Beimel was born and raised in Saint Marys, Pennsylvania, where he currently resides with his wife and daughter.  He graduated from Saint Marys Area Senior High School in 2005, and attended the University of Pittsburgh-Johnstown campus, wherein he graduated in 2009 with a Bachelor of Science degree in Civil Engineering.  Beimel was employed at L.R. Kimball Engineering, in Ebensburg, Pennsylvania, from 2009-2012, as a design engineer, and,

until recently, at the Pennsylvania Department of Transportation, from 2012-2018, as a Senior Civil Engineer and Assistant County Manager.

Tragically, in 2013, Jeff's mother, father, uncle, and great aunt were killed in an automobile accident while travelling to New York. According to Jeff's wife, Suzy, he was never the same afterwards. Jeff became despondent, reclusive and a shell of his former person. It wasn't until the birth of his daughter in 2016 that Suzy saw renewed life in Jeff, who was full of joy yet riddled with grief and sadness that his parents would not share in the joy of their first grandchild. Jeff's involvement with K.E., while misguided, became an outlet, a place to escape to after his parent's death. He was subsequently diagnosed by Albert DiGilarmo, Ph.D., with depression and anxiety.

The second factor, ***the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, to provide just punishment, afford adequate deterrence to criminal conduct, to protect the public from further crimes, and to provide the defendant with needed educational or vocational training*** is arguably satisfied with the proposed plea agreement, wherein Mr. Beimel will be either incarcerated or under supervision for eight (8) years. While incarcerated, he will certainly take advantage

of the educational and/or vocational training offered by the institution.

The third factor, ***the kinds of sentences available*** are limited, based on the advisory guideline range (Zone D), and the Rule 11(c)(1)(C) agreement, which reflects a period of incarceration of 3 years.  This sentence, however, will sufficiently promote respect for the law and provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes. It will also offer Mr. Beimel the needed educational and/or vocational training that will assist him in the transition from prison back to the community.

The fourth factor, ***the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines*** are as follows.  According to the Presentence Investigation Report (PSR), the Base Offense Level, pursuant to 2G2.2(a)(1) is 18, increased by the following Specific Offense Characteristics:

- 2-levels prepubescent minor enhancement [2G2.2(b)(2)]
- 5-levels distribution enhancement for valuable consideration [2G2.2(b)(3)(A)]
- 2-levels use of a computer enhancement [2G2.2(b)(6)]
- 2-levels 10 - 150 images enhancement [2G2.2(b)(7)(A)]

4

Mr. Beimel is entitled to a 3-level reduction pursuant to 3E1.1(a)&(b) [acceptance of responsibility], resulting in a Total Offense Level of 26.  A Total Offense Level of 26 and Criminal History Category I provides for an advisory guideline range of imprisonment of 63-78 months.

The fifth factor, **any pertinent policy statement** is not applicable in this case.

The sixth factor, **the need to avoid unwarranted sentence disparities among defendants** would not be violated by a sentence of 36 months, given that the defense and the Government have agreed that this is the proper sentence in this case, given the wide range of sentences in this district and other districts, and due to the tragic circumstances that led to this incident, as well as Mr. Beimel's lack of criminal conduct and work history.

The seventh factor, **the need to provide restitution to any victims of the offense** is not an issue in this case. The PSR states that no claims of restitution have been requested to date (see ¶ 75).

**Motion for Variance**

As stated in above, the advisory guideline range of incarceration in this case is 63-78 months.  The Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), Gall v. United States, 552 U.S. 38 (2007), and United States v. Tomko, 562 F.3d 558 (3d Cir. 2009), declare

the Sentencing Guidelines as advisory and allow the trial court to deviate and impose a sentence less than the advisory guideline range. The plea agreement between the parties, via Rule 11(c)(1)(C), asks the Court to vary from the guideline range and sentence Mr. Beimel to a term of incarceration of 3 years, followed by 5 years of Supervised Release.  Jeffrey Beimel prays that this Honorable Court depart from the advisory guideline range and impose this sentence pursuant to the plea agreement presented to the Court on September 10, 2018, as well as Jeff Beimel's Employment history [5H1.5], Family Ties and Responsibilities [5H1.6] and need to take care of his wife and child, and Mental and Emotional Condition (depression and anxiety due to the loss of his parents) [5H1.3].

**Letters in support of Jeffrey Scott Beimel**

The Supreme Court in *Gall v. United States,* 128 S.Ct. 586 (2007), held that character letters should be considered by the sentencing court as a mitigating factor via the sentencing factors outlined in 18 U.S.C. § 3553(a).  The following Letters in Support of Defendant are for this Honorable Courts consideration in imposing the above referenced agreed upon sentence:

- Suzan Beimel (wife)
- Jere Trostle (brother-in-law)
- Toni Mosebarger (mother-in-law)
- Ronald Cuneo (uncle)

6

**Conclusion**

A sentence of three years of incarceration, followed by five years of supervised release was forged by the parties in recognition of the above factors put forth.  It also reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence to criminal conduct, and protects the public from further crimes.  Lastly, the proscribed punishment it is sufficient but not greater than necessary to achieve a fair and just sentence under the circumstances of this case.

                                          **Respectfully submitted,**

                                          *s/ Stephen M. Misko*
                                          **Stephen M. Misko, Esq.**
                                          **PA I.D. No. 59999**
                                          **106 S. Main Street**
                                          **Suite 801**
                                          **Butler, PA  16001**
                                          **(724)284-9400**

                                          **Attorney for Defendant,**
                                          **Jeffrey Scott Beimel**